UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| P.S., individually,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADNA SCHOOL DISTRICT, et al.,<br><br>                    Defendants. | CASE NO. C23-6026 BHS<br><br>ORDER |

THIS MATTER is before the Court on defendant William Veatch's motion to stay this case pending the outcome of "imminent" felony charges against him. Dkt. 22. Minor plaintiff P.S. asserts that Veatch sexually abused her at Adna Middle School and High School, where she was a student and he was a janitor. Dkt. 1. Veatch's mother Shanda was a teacher in defendant Adna School District, and apparently also had custody of P.S. *Id.* at 3, 5. Shanda Veatch is also a defendant. *Id.*

Veatch asserts that forcing him to proceed with discovery in this civil case would require him to jeopardize his Fifth Amendment rights. Dkt. 22 at 3. He asks the Court to stay all proceedings pending the outcome of any charges, including a trial. *Id.*

ORDER - 1

1  P.S. argues that a stay will prejudice her, and that Veatch is free to assert his Fifth
2  Amendment rights in the civil case. Dkt. 25 at 3–5 (citing *Keating v. Office of Thrift*
3  *Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (a "defendant has no absolute right not to
4  be forced to choose between testifying in a civil matter and asserting his Fifth
5  Amendment privilege")).

6  P.S. asserts without rebuttal that depositions have already been scheduled,
7  including hers. Dkt. 25 at 3. She suggests that the motion may be pretextual, or at least
8  strategic, because Veatch's counsel informed her six months ago that charges were
9  imminent, and they were not. *Id.* at 5–6. Veatch did not move for a stay at that time. *Id.*
10 P.S. argues alternatively that discovery should proceed as to the other defendants, even if
11 discovery directed to Veatch is stayed pending his potential prosecution. *Id.* at 7. The
12 parties agree that the matter is addressed to the Court's discretion. Dkt. 22 at 4; Dkt. 25 at
13 4.

14 The Court concludes that all discovery directed to defendant Veatch, including
15 interrogatories, requests for production or admission, and his deposition, should be
16 **STAYED** pending the resolution of his criminal prosecution or until further order of this
17 Court. It also concludes that the interests of fairness and justice require that discovery by
18 and against the remaining parties to proceed while that potential prosecution is ongoing.
19 The possibility that some discovery may have to be repeated does not outweigh the
20 prejudice to P.S. in having the entire case dormant, indefinitely. Veatch's motion to stay
21 is, to that extent, **GRANTED**. His request to strike the trial date is **DENIED** without
22 prejudice.

1    The parties jointly shall advise the Court of the status of the criminal proceedings
2 no later than January 31, 2025.
3    **IT IS SO ORDERED**.
4    Dated this 5th day of November, 2024.

>                              _____
>                              BENJAMIN H. SETTLE
>                              United States District Judge

ORDER - 3