UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

P.S., individually,

           Plaintiff,

  v.

ADNA SCHOOL DISTRICT, et al.,

           Defendant.

CASE NO. C23-6026 BHS

ORDER

THIS MATTER is before the Court on defendants Adna School District and Cristina Park's motion to continue the trial date. Dkt. 34. Adna argues that the impending April 19 trial date should be vacated for two independent reasons: (1) discovery into plaintiff P.S.'s harm and damages is incomplete, because its expert Dr. Freedman needs to review recently-disclosed medical records and re-examine P.S., and (2) discovery by all parties as to defendant William Veatch remains stayed, and the criminal charging decision upon which that stay was based is still pending. It argues that it is prejudiced by its inability to obtain Veatch's testimony and other evidence.

P.S. opposes a continuance. Dkt. 41. She asserts that Freedman's delay in reviewing her medical records is his own fault, as he had access to everything her own

ORDER - 1

expert, Dr. Heavin, has had since October 29, 2024. *Id*. at 3. She also emphasizes that that Heavin did not even review her medical records before she interviewed P.S., *id*. at 5 and 9, and argues that Freedman concedes his standard practice is not to use an alleged victim's medical records in his interview with her. *Id*. at 6.

P.S. also argues that defendant William Veatch's (whose sexual abuse of her is the core factual allegation supporting all her claims) absence from the case and discovery prejudices her as much as it does Adna and the other defendants—he is equally unavailable to her. P.S. reiterates her understandable desire to resolve the matter and asserts that a continuance would assist Adna's effort to make the case "go dormant." She asserts that Adna has not shown good cause for continuing the April 19 trial date, and that its motion is instead a form of gamesmanship. *Id*. at 1, 9, 12.

Adna replies that Freedman did not have all of P.S.'s medical records before he interviewed her, and that inconsistencies in her accounts and her records necessitate a second interview to reconcile or explain them. It argues it is undisputed that some of the records were not produced prior to the September interview and that he needs to re-interview her in light of them. Dkt. 43 at 2–6. It also argues, persuasively, that Veatch's unavailability is equally prejudicial to P.S.—in the absence of his testimony, her allegations are uncontested. Dkt. 43 at 6.

The Court cannot resolve on this motion the parties' dispute over Freedman's opinions and their bases, though it seems likely on this record that a re-interview request would be granted, because Freedman's first interview provided incomplete information regarding P.S.'s reports of other sexual abuse. P.S.'s claims that her own expert didn't

need the records to interview her, and that Freedman concedes it is not his standard practice to review at the records before his first interview do not rebut the claim that, in light of discrepancies, Freedman's opinion testimony requires another interview.

But even if that was a close question, Veatch's unavailability is not. The Court did not vacate the trial date when it stayed the case against Veatch, but it also believed that a charging decision was imminent. It will not permit the case to "go dormant"; there are several pending issues, including the re-interview dispute and the pending summary judgment motion. But Adna correctly asserts that its defense depends in part on Veatch. At some point, Veatch may be required to testify, even if he asserts his rights under the Fifth Amendment. The case will not be stayed indefinitely, and any future motions of this nature based on discovery disputes or Veatch's unavailability are unlikely to be granted.

A third, unrelated problem with the current trial date is that the Court has a criminal trial scheduled for April 19.

Adna's motion for a continuance, Dkt. 34, is **GRANTED**. The parties shall file a Joint Status Report within 21 days addressing the Freedman re-interview dispute, any updates on the Veatch charging decision, and available trial dates beginning in October of this year.

**IT IS SO ORDERED**.

Dated this 10th day of March, 2025.

BENJAMIN H. SETTLE
United States District Judge